### MOODY et al.

v.

### CITY OF SOMERSET.

Court of Appeals of Kentucky.

June 4, 1954.

Fritz Krueger, Russell Jones, Somerset, Allen Prewitt, Frankfort, for appellants.

Joe Caylor and John G. Prather, Somerset, for appellee.

STEWART, Justice.

In this appeal we are asked to determine the true boundary line between a lot owned by appellants, Wallace Moody and John McAlphin, and Holmes Avenue in the Gib-

son Addition to the city of Somerset. Appellants' petition, filed in circuit court for a declaration of rights, was dismissed at the close of all the evidence after the court had directed a jury, impaneled to hear the evidence, to return a verdict for the city, appellee herein. This appeal is upon the ground that the court erred in that ruling.

It is the contention of appellants that the north line of Holmes Avenue extends some 18 feet beyond its boundary and onto their lot. They base their claim, in the main, upon the testimony of Alfred Russell and a survey he made of their lot. Appellee maintains the recorded plat controls the issue in controversy.

Appellants' lot lies in block 18 on the north side of Holmes Avenue. They acquired the property on January 31, 1950, from Margaret C. Patton, a widow, by a deed which contained this description:

"Beginning at the SW corner of Mrs. Anna Jasper's 40 foot lot on Central Avenue, thence N 61 15' E 128 feet to a stake; thence N 29-15' W 40 feet to a stake 1 foot south and 1 foot east of corner of Jasper brick building; thence N 73-30' E 60 feet to a stake Baugh's Apartment Lot; thence S 29 15' E 20 feet to a stake being 150 feet from Market Street measured at right angle to Market Street; thence N 73 30' E 262 feet to a stake; thence N 18 15' E 189 feet to a stake; thence S 60 15' W 364 feet to inside walk line Central Avenue; with curve Central Avenue 229 feet to the beginning."

Appellants had Russell, a registered civil engineer, survey the lot and he found two discrepancies in the metes and bounds description in the deed. First, according to him, the call "N 18 15' E. 189 feet to a stake" should read "S 18 15 E. 189 feet to a stake;" and secondly, he asserts the last call "with curve Central Avenue 229 feet to the beginning" should read "with curve Central Avenue 247 feet to the beginning." Making allowance for these

two corrections, he established that each call began and ended at all the fixed points referred to in the description in the deed. Russell testified that his survey determined that Holmes Avenue is not a 50-foot street, as appellee contends it is, but only a 32-foot street. A map, prepared by this surveyor and introduced as a part of his evidence, substantiates the foregoing recitation of facts.

Henry Hail, a surveyor who was introduced in behalf of appellee, testified he measured to Holmes Avenue from a fixed monument at the intersection of South Central and Cotter Avenues. This monument is located two blocks south of Holmes Avenue. As a result of his calculation, this witness found there was 7.8 feet excess which would make Holmes Avenue 57.8 feet in width. He was unable to state to which side of Holmes Avenue this excess should be added. By making measurements on the ground, Hail also computed appellants' property fronted 228.8 feet on South Central Avenue.

Appellee points out that appellants purchased their property subject to a recorded plat which reveals what is now Holmes Avenue as a 50-foot street extending in an east-west direction between South Central Street and Crawford Street, and which plat also discloses that appellants' property borders along the north line of this 50-foot street. It also calls attention to the fact that appellants' deed actually calls for only a 229-foot frontage on South Central Avenue, and that his frontage also coincides with the north line of Holmes Avenue as it now exists as a 50-foot street, as established by Hail.

It is difficult, if not impossible, to establish the true boundary of the lot in question with reference to Holmes Avenue from the evidence found in the record. The chancellor found, and we think correctly so, that appellants did not introduce evidence of a quality sufficient to support their cause.

Wherefore, the judgment is affirmed.